Tammy Hussin (Bar No. 155290)
HUSSIN LAW
1596 N. Coast Highway 101
Encinitas, CA 92024
Tel: (877) 677-5397
Fax: (877) 667-1547
Email: Tammy@HussinLaw.com

Attorney for Plaintiff, Shaheim McCullough

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shaheim McCullough,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Chatsworth Health Fitness, LLC; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET. SEQ*.**<br>2. **VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION DEFENDANTSTICES ACT, CAL. CIV. CODE §1788, *ET. SEQ*.**<br>3. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

　　　For this Complaint, Plaintiff, Shaheim McCullough, by and through his undersigned counsel, state as follows:

## JURISDICTION

　　　1.　　This action arises out of violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et. seq.* ("Rosenthal FDCPA"), California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, *et seq*

---

COMPLAINT　　　　　　　　　　　　　1

("CCCRA"), and violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq* ("TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

4. Plaintiff satisfies the Article III standing requirements, as he has suffered concrete injury in the form of invasions of privacy, financial harm, and reputational harm, all of which stems from Defendant's repeated violations of laws. *See*, *Van Patten v. Vertical Fitness Group*, Case No.3:12-cv-01614 (9th Cir., 2017).

## THE PARTIES

5. Plaintiff, Shaheim McCullough, is an adult individual residing in the county of Los Angeles, California.

6. Defendant, Chatsworth Health Fitness, LLC, (hereafter, "Defendant" or "CHF") is a California limited liability company, licensed in the state of California.

7. Defendant operates regularly in transacting business with consumers within this Judicial District and throughout the state of California.

8. Defendant, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

9. The financial obligation herein mentioned (the "Debt") arose from alleged services which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

10. Does 1-10 (the "Collectors") are individual collectors employed by Defendants and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

11. Defendant at all times acted by and through one or more other Collectors.

## THE FACTS

12. Defendant operates a gym in Chatsworth, California. In or around January of 2020, Plaintiff entered into an agreement with CHF, whereby Plaintiff would make monthly payments to CHF in exchange for the use of CHF's gym services.

13. Plaintiff provided his bank account and routing numbers to CHF, and agreed to allow CHF to make an automatic withdrawal each month to pay his membership dues. Thereafter, CHF began to withdraw the monthly payment from Plaintiff's bank account.

14. In or around April of 2020, CHF closed its doors to the COVID-19 pandemic. CHF assured its members they would not have to pay their monthly membership during the time the gym was closed because of COVID.

15. When CHF closed its doors, it stopped taking automatic withdrawals from Plaintiff's bank account as it had promised. However, in or around August of 2020, CHF retained a collection agency, First Credit Services, Inc. ("First Credit"), to collect past due payments (the "Debt") from Plaintiff.

16. First Credit began calling Plaintiff and sending him letters in an attempt to collect the Debt.

17. Plaintiff was shocked and dismayed over the collection attempts. At all times, CHF had the ability to withdraw monthly payments from Plaintiff's bank account, but did not do so due to the COVID closure.

18. Plaintiff spoke to First Credit, and advised representatives that he did not owe anything to CHF. Plaintiff directed First Credit to stop calling him.

19. First Credit ignored Plaintiff's request and continued to initiate collection calls to him, causing Plaintiff to be distressed and annoyed.

20. The calls from First Credit were particularly annoying because they were automated. When Plaintiff answered the calls, First Credit used an automated voice to deliver a message prior to allowing him to speak to a representative.

21. In addition, First Credit reported the alleged delinquency of Plaintiff's credit report, causing Plaintiff's credit score to plummet.

## COUNT I
## VIOLATION OF THE ROSENTHAL FAIR
## DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code §1788 *et seq.*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and Practices in the collection of consumer debts.

24. Defendant did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code §1788.17. In particular:

   a. Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

   b. Defendant knew Plaintiff did not wish to receive calls, yet caused Plaintiffs' phones to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

   c. Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

   d. Defendant caused inaccurate information to be communicated to the credit bureaus, in violation of 15 U.S.C. § 1692e(8).

   e. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. §1692f.

25. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, § 1785.1 *ET SEQ.*

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. CHF knew Plaintiff did not owe any payments, but caused false information to be furnished to the credit reporting agencies.

28. In committing the false credit reporting and continuing to falsely credit report a delinquent account, Defendant violated Cal. Civ. Code 1785.25(a).

29. As a consequence of these violations, Plaintiff suffered both general and special damages according to proof, including having been denied credit, as well as punitive damages under the CCRAA statute, attorney's fees and costs.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ.*

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. At all times referenced herein and within the last four years, Defendant's debt collector placed calls to Plaintiff on his cellular telephone using an artificial or prerecorded voice ("automated calls").

32. CHF's telephone dialing systems have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

33. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

34. Plaintiff specifically requested that the calls stop. As such, Defendant's automated calls were made without Plaintiff's consent and in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

35. Defendant continued to call Plaintiff knowing that it lacked consent to call and after Plaintiff's request that Defendant stop calling.

36. By continuing to call Plaintiff, knowing he did not want to receive calls, Defendant's calls were made in knowing and/or willful violation of the TCPA. As such each call is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

*37.* Defendant had an agency relationship with First Credit and ratified First Credit's misconduct, and therefore Defendant is vicariously liable for the calls made to Plaintiff by its First Credit. *Henderson v. United Student Aid Funds, Inc.,* 918 F.3d 1068 (2019)(9th Cir.).

38. Plaintiff is entitled to damages as a result of the TCPA violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code §1788.30(b);

2. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

3. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

4. Actual and punitive damages; Costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(b), against the Defendants; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 9, 2020

By: */s/Tammy Hussin*
Tammy Hussin, Esq.
HUSSIN LAW
Attorney for Plaintiff, Shaheim McCullough